UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL DUNHAM,

        Plaintiff,

    v.

CAPTAIN JOSEPH GULASH, SGT.
MAYNARD HILL and JAIL GUARD
MICHAEL HARE, Individually,

        Defendants.

Case No. 09-cv-366-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 66) of Magistrate Judge Philip M. Frazier recommending that the Court grant in part and deny in part the motion for summary judgment filed by defendants Joseph Gulash, Maynard Hill and Michael Hare (Doc. 48). Plaintiff Michael Dunham has objected to the Report (Doc. 67).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Dunham objects only to Magistrate Judge Frazier's recommended disposition of the motion for summary judgment as to Count 7. In Count 7, Dunham, a pretrial detainee housed at the Madison County Jail in 2007, complains that defendant Michael Hare, a jail guard, retaliated against him because he complained to jail administrators about the jail conditions and his treatment by Hare and because he announced he would file a civil lawsuit about those matters.

Specifically, in an October 24, 2007, letter to defendant Joseph Gulash, the jail administrator, Dunham complained that Hare had identified him to the rest of the cell block as a "snitch," which made him a target of assaults by other detainees, and had threatened to make Dunham's life hellish if he reported Hare. In the complaint, Dunham alleges that (1) on October 26, 2007, Hare banged large keys repeatedly against a wall upon which Dunham's head and back were resting, (2) on October 27, 2007, Hare acted as if he were blowing his nose and spitting into a napkin Dunham was to use for breakfast, (3) on October 31, 2007, Hare purposefully gave Dunham a lunch tray with dirt and hair in the food that he had saved especially for Dunham and (4) on December 17, 2007, Hare slammed Dunham into his cell bars with great force and without reason. Compl. ¶¶ 21, 65.

The Report found that there was not a sufficient temporal connection between Dunham's October 24, 2007, letter and the December 17, 2007, incident to support an inference of causation. Accordingly, it recommended that Hare be granted summary judgment on Dunham's retaliation claim. Dunham objects to Magistrate Judge Frazier's failure to consider the October 26, 27 and 31 incidents in finding that no reasonable jury could find causation. The Court reviews the matter *de novo*.

To succeed on a First Amendment retaliation claim, a plaintiff must show that his speech was a motivating factor in the allegedly retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Timing of an action, without more, is rarely sufficient to establish that constitutionally protected speech was a motivating factor for the action. *Nieves v. Board of Educ.*, 297 F.3d 690, 694 (7th Cir. 2002); *Pugh v. City of Attica*, 259 F.3d 619, 630 (7th Cir. 2001). Suspicious timing is only sufficient to establish a causal connection if the action follows very close after the protected activity. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273

(2001) (*per curiam*);  see *Spiegla v. Hull*, 371 F.3d 928, 943 (7th Cir. 2004), *overruled on other grounds by Garcetti v. Ceballos*, 547 U.S. 410 (2006)..

The Court believes that the alleged conduct by Hare less than two days after Dunham's announcement that he was going to complain and file a lawsuit about Hare, in combination with the lack of any other rational explanation for Hare's behavior, is sufficient for a reasonable jury to draw an inference that Dunham's intent to file a lawsuit was a motivating factor in Hare's mistreatment of him.  For this reason, the Court will not enter summary judgment on Count 7.

No party objects to any other portion of the Report.  The Court has reviewed those other portions for clear error and finds none.  Accordingly, the Court:

- **ADOPTS** the Report (Doc. 66) as **MODIFIED** by this order;

- **GRANTS in part** and **DENIES in part** the defendants' motion for summary judgment (Doc. 48).  The motion is **GRANTED** to the extent it seeks summary judgment on Counts 3, 6 and 9.  The motion is **DENIED** to the extent it seeks summary judgment on Counts 1, 2, 4, 5, 7 and 8.  Defendant Gulash is terminated from this action; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: March 21, 2012**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**